Ryan P. Ruggerello (#216633)
Kristan L. Ruggerello (#216641)
RUGGERELLO LAW GROUP L.L.P.
19800 MacArthur Blvd., Ste. 650
Irvine, California 92612
Telephone: (949) 293-7689
Ryan@RuggerelloLaw.com

Attorneys for Defendant,
Subaru of America, Inc.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SUNNY BOREN, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>SUBARU OF AMERICA, INC.; and DOES 1 through 10, inclusive,<br><br>Defendants. | [Removal from Superior Court of California, Los Angeles Superior Court Case No. 22LBCV00729]<br><br>Complaint Filed: November 2, 2022<br><br>**NOTICE OF REMOVAL OF ACTION TO UNITED STATES DISTRICT COURT UNDER 28 U.S.C. § 1332(a)(1) (DIVERSITY JURISDICTION)** |

**TO THE CLERK OF THE UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA:**

**PLEASE TAKE NOTICE** that Defendant Subaru of America, Inc., ("SOA") removes the above-titled action from the Superior Court of the State of California for the County of Los Angeles ("State Court"), where the above-titled action was filed, to the United States District Court for the Central District of California.

///

//

In support of this Notice, SOA alleges as follows:

**TIMELINESS OF REMOVAL**

On or about November 2, 2022, Plaintiff Sunny Boren ("Plaintiff") commenced an action in the State Court by filing a Complaint entitled *Sunny Boren vs. Subaru of America, Inc.; and Does 1 through 10, inclusive*, Los Angeles County Superior Court Case No. 22LBCV00729 (the "Action").  The Complaint alleged the following purported causes of action: (1) Violation of Subdivision (d) of Civil Code Section 1793.2; (2) Violation of Subdivision (b) of Civil Code Section 1793.2; (3) Violation of Subdivision (a)(3) of Civil Code Section 1793.2; (4) Breach of Express Written Warranty Civil Code Section 1791.2 Subdivision (a); Section 1794; and (5) Breach of the Implied Warranty of Merchantability Civil Code Section 1791.1; Section 1794.  A true and correct copy of the Summons and Complaint ("Complaint") is attached as Exhibit A to the concurrently filed Declaration of Kristan L. Ruggerello ("Ruggerello Decl.").

On November 14, 2022, Plaintiff served SOA's Agent for Service of Process with copies of the Summons and Complaint.  Ruggerello Decl., at ¶ 3. The Complaint did not contain the amount of damages Plaintiff claims or identify Plaintiff's citizenship.  Ruggerello Decl., at ¶ 3.

On December 15, 2022, SOA served Plaintiff with a first set of Requests for Production and Special Interrogatories.  Ruggerello Decl., at ¶ 6.  On January 19, 2023, Plaintiff served responses which consisted of objections only.  Ibid.  On March 31, 2023, Plaintiff served Supplemental Responses to SOA's Supplemental Requests for Production Set One, and SOA's Supplemental Requests for Special Interrogatories Set One.  Ibid.  On April 19, 2023, Plaintiff verified the responses.  Ibid.  As set forth more fully below, the Supplemental Responses and document production provided SOA with the amount in controversy and Plaintiff's domicile.  Accordingly, this Notice of Removal is timely and applicable due to diversity pursuant to 28 U.S.C. §1446(b).

## VENUE

Venue lies in the Central District pursuant to 28 U.S.C. §§ 1441(a) and 84(c)(3). This action was originally brought in the Superior Court of the State of California, County of Los Angeles.

## DIVERSITY JURISDICTION

This is a civil action over which this Court has original jurisdiction, and one in which SOA may remove pursuant to the provisions of 28 U.S.C. §§ 1332(a) and 1441(a) to this Court, in that the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs, and is between citizens of different states as described further below.

### A. Diversity of Citizenship

The Complaint satisfies the jurisdictional diversity requirement of U.S.C. § 1332(a), which requires that Plaintiff be a citizen from a different state than the defendant.

#### 1. Defendant SOA's Citizenship

At the time of commencement of the Action and at the time of removal, Defendant SOA, was, and still is, a corporation organized and existing under the laws of the State of New Jersey. Ruggerello Decl. ¶ 8, Ex. D. In addition, SOA's principal place of business was, and still is, the State of New Jersey.[1] Ruggerello Decl. ¶ 8, Ex. D. As a corporation, SOA's citizenship under 28 U.S.C. § 1332(c)(1) is that of "any State by which it has been incorporated and of the State where it has its principal place of business." This Court can take judicial notice of these facts. *See* Excerpt from SOA's Articles of Incorporation, New Jersey Business Gateway

---

[1] The term "principal place of business" in the Federal diversity jurisdiction statute refers to the "nerve center" of the corporation, which has been defined as "the place where a corporation's high level officers direct, control, and coordinate the corporation's activities." *Hertz Corp. v. Friend*, 130 S.Ct. 1181, 1192 (2010). In practice, the principal place of business should normally be the place where the corporation maintains its headquarters -- provided that the headquarters is the actual center of direction, control, and coordination and not simply an office where the corporation holds its board meetings. *Id.*

Status Report, and New Jersey Change of Registered Agent Certificate, (Ruggerello Decl., Ex. D; *see also* Fed. R. Evid. 9 201(b)(2) (courts may judicially notice facts that "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned").

Accordingly, pursuant to 28 U.S.C. § 1332(c)(1), SOA is a citizen of New Jersey.

### 2.  Plaintiff's Citizenship

According to Plaintiff's Supplemental Responses to Special Interrogatories, served on March 31, 2023, and verified on April 19, 2023, Plaintiff was, and still is, a citizen and resident of California. Ruggerello Decl. ¶ 9, Ex. B.

Therefore, for the reasons stated above, the diversity requirements of Section 1332(a) are met where Plaintiff is a citizen of California and SOA is a citizen of New Jersey.

### B.  Amount in Controversy Exceeds $75,000

Plaintiff seeks to recover actual damages, restitution, civil penalty in the amount of two times Plaintiff's actual damages pursuant to Civil Code section 1794, subdivision (c) or (e), consequential and incidental damages, for costs of the suit and Plaintiff's reasonable attorneys' fees pursuant to Civil Code section 1794, subdivision (d), prejudgment interest at the legal rate, and other relief. Complaint, Prayer for Relief; Ruggerello Decl., at ¶ 4. According to the retail installment sales contract produced in Plaintiff's Supplemental Responses to SOA's Request for Production of Documents on March 31, 2023, the purchase contract was for $32,371.99. Ruggerello Decl., at ¶ 7, Exh. B, p. 6. The Prayer for Relief seeks two times the amount of the damages of at least the purchase contract for $32,371.99, which is $64,743.98, in addition to the purchase price, which totals $97,115.97. *Id.* This amount does not yet include any other damages which are also prayed for by Plaintiff. Complaint, Prayer for Relief; Ruggerello Decl., at ¶ 4.

Thus, although at the time of the commencement of the Action the Complaint

1  was not removable due to the amount in controversy and Plaintiff's citizenship
2  being omitted from the face of the Complaint, the retail installment sales contract
3  produced in Plaintiff's Supplemental Responses to SOA's Request for Production
4  of Documents and Plaintiff's Supplemental Response to Special Interrogatories on
5  March 31, 2023, and verified on April 19, 2023, made it removable. Ruggerello
6  Decl., at ¶ 6; 28 U.S.C. §1446(b)(3) (if the case stated by the initial pleading is not
7  removable, a notice of removal may be filed within thirty days after receipt by the
8  defendant of a copy of an order or other paper from which it may first be
9  ascertained that the case is one which is or has become removable).

## CONCLUSION

Based on the foregoing, this Court has jurisdiction over the Action under the provisions of 28 U.S.C. § 1332(a)(1), in that this Action involves a controversy which exceeds the value of $75,000, exclusive of interest and costs, and is between citizens of different states. Accordingly, this Action is properly removed to this Court pursuant to the provisions of 28 U.S.C. §§ 1441 and 1446.

## NOTICE TO STATE COURT

A true and correct copy of this Notice of Removal has been served on Plaintiff and filed with the Clerk of the Superior Court of the State of California, County of Los Angeles, as required by law.

Dated: May 1, 2023                    Ruggerello Law Group L.L.P.

                                      By:  /s/ Kristan L. Ruggerello
                                           Ryan P. Ruggerello
                                           Kristan L. Ruggerello
                                           Attorneys for Defendant, Subaru of
                                           America, Inc.

# PROOF OF SERVICE

I am employed in the County of Orange, State of California. I am over the age of 18 and not a party to the action; my address is 19800 MacArthur Blvd., Ste. 650, Irvine, California 92612.

On May 1, 2023, I caused to be served, in the manner indicated below, the document described as **NOTICE OF REMOVAL OF ACTION TO UNITED STATES DISTRICT COURT UNDER 28 U.S.C. § 1332(a)(1) (DIVERSITY JURISDICTION)**, addressed as follows:

**Attorneys for Plaintiffs**
Eleazar D. Kim
Downtown L.A. Law Group
910 S Broadway, Ste 200
Los Angeles, CA 90015

☒ BY REGULAR MAIL: I caused such envelopes to be deposited in the United States mail in California, with postage thereon fully prepaid. I am readily familiar with the firm's practice of collection and processing correspondence for mailing. It is deposited with the United States Postal Service each day and that practice was followed in the ordinary course of business for the service herein attested to.

·· BY FACSIMILE.

·· BY EXPRESS MAIL: I caused such envelopes to be delivered by courier, with next business day service, to the offices of the addressees.

·· BY PERSONAL SERVICE: I caused such envelopes to be delivered by hand to the offices of the addressees.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on May 1, 2023, in California.

/s/ Kristan L. Ruggerello